IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Carolyn Duquette,                                                           Case No. 3:09CV1526

    Plaintiff

  v.                                                                                    ORDER

Buckeye Truck and Leasing, LLC, et al.,

    Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Ricky Zimmerman,                                                         Case No. 3:09CV1528

    Plaintiff

  v.

Buckeye Truck and Leasing, LLC, et al.

    Defendants

    These are consolidated cases in which the plaintiffs allege that their employer, defendant Buckeye Truck and Leasing, LLC, and its co-owners failed to pay health care premiums which the defendants had deducted from their paychecks. In doing so, plaintiffs allege, the defendants engaged in fraud and conversion.

Plaintiffs reference the federal Personal Responsibility and Work Opportunity Reconciliation Act in ¶ 20 of their complaints. The complaints do not otherwise specifically reference a provision of federal law.

Plaintiffs filed suit in the Common Pleas Court of Wood County, Ohio. Defendants removed the cases to this court. Pending in each case are plaintiffs' motions to remand. [Docs. 6, 7]. For the reasons that follow, I grant the motions to remand.[1]

Defendants argue that reference to fraudulent failure to pay over monies withheld from plaintiffs' paychecks constitutes a violation of ERISA, thus creating a federal question giving rise to jurisdiction in this court. They make the same contention with regard to plaintiffs' reference to the Work Opportunity Act.

Plaintiffs, however, neither directly nor indirectly assert a claim for recovery under any federal law. The gravamen of their complaint is that the defendants pocketed monies that should have gone to them, and, in doing so, committed garden-variety state-law torts. The consequences under federal law, whatever they might be, are collateral and ancillary to plaintiffs' basic claim that defendants cheated them by not remitting withheld funds as they should have.

Removal on the basis of federal question jurisdiction requires that the "right or immunity created by the Constitution or the law of the United States . . . be an element, and an essential one, of the plaintiff's cause of action." *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976). "In other words," the court continued in *Jones*, "the federal nature of the claim must be a basic issue in the case." *Id*.

---

[1] Also pending are plaintiffs' motion for leave to file an amended complaint [Doc. 8, 9] and defendants' motions to strike [Docs. 9, 10]. I leave it to the state court to address those contentions.

2

Here, as in *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 917-18 (5th Cir. 2001), plaintiff's "mention" of federal "rules, regulations, and statutes" in a complaint alleging violation of state consumer fraud law "merely served to describe types of conduct that violated" the state law, "not to allege a separate cause of action under" federal law.

Plaintiffs assert no federal question in their complaints, and no plausible reading of the allegations in the complaints leads to the conclusion that this case involves a federal question. This court is, accordingly, without jurisdiction.

It is, therefore,

ORDERED THAT plaintiffs' motions for remand be, and the same hereby are granted.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
